*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GEORGE GOFF,

        Plaintiff-Appellant,

V

NIKOLAI P. VITTI, BEN JACKSON, GARY MCALLISTER, MICHAEL MOKDAD, and DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT also known as DETROIT BOARD OF EDUCATION,

        Defendants-Appellees.

FOR PUBLICATION
February 25, 2026
10:27 AM

No. 371827
Wayne Circuit Court
LC No. 22-010582-CZ

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

YOUNG, J. (*concurring in part, dissenting in part*).

I dissent only as to Section II, regarding the statute of limitations claim. On that issue, I agree with plaintiff—the trial court erred when it determined the statute of limitations barred his claim against McAllister under the WPA.

Under MCL 15.363(1), plaintiff had 90 days to file a civil action against McAllister. Ninety days after June 7, 2022, the day McAllister rescinded plaintiff's job offer, was Monday, September 5, 2022, Labor Day. Labor Day is a court holiday under MCR 8.110(D)(2)(a), and thus, the initial complaint as to McAllister must have been filed on or before September 6, 2022 to be timely.

Here, it is undisputed that plaintiff submitted his document with the court and paid the filing fee on Tuesday, September 6, 2022, at 8:58 p.m. I agree with the majority that the trial court erred when it stated that "anything filed after 4:30 PM of any particular day . . . is not considered filed until the following day." That is contrary to the plain language of MCR 1.109(G)(5)(b), which states, in relevant part, that "[e]lectronic filing is not restricted by the operating hours of a court and any document submitted at or before 11:59 p.m. of a business day is deemed filed on that business day." It was for this reason that the trial court struck the complaint as not timely filed and this reason was based on a clear misunderstanding of the court rule.

Considering more broadly whether the rejection of a complaint on ministerial grounds alters the original filing date, the plain language of MCR 1.109(G)(5)(b) dictates a result in favor of plaintiff.

The court rule expressly defines "filed" as "when the transmission to the electronic-filing system is completed and the required filing fees have been paid or waived." MCR 1.109(G)(5)(b). The definition of "filed" under the court rule is not dependent on whether a document is later accepted. For this reason, I find unpersuasive the analysis in *Jones v Kreis Enderle Hudgins & Borsos PC*, unpublished per curiam opinion of the Court of Appeals, issued December 22, 2020 (Docket No. 348378). MCR 1.109(G)(5)(b) provides "[r]egardless of the date a filing is accepted by the clerk of the court, the date of filing is the date submitted." MCR 1.109(G)(5)(b). In *Jones*, and again here in the majority, this Court reads that sentence to apply *only* where the filings are ultimately accepted, meaning a document can only be considered "filed" if it is accepted. But a "filed" document is distinct from an "accepted" one. As the trial court here established, there is no clerk working to accept a document filed after 4:30 p.m., but a document is still deemed "filed" on the day in question if submitted before midnight because "any document submitted at or before 11:59 p.m. of a business day is deemed filed on that business day." Put differently, an e-filed document is deemed "filed" under the court rules *before a clerk can assess it at all*.

And while I understand that a rejected filing "shall not become part of the official court record," MCR 1.109(G)(5)(a)(*iii*), that is not relevant to whether it is "filed." The definition of "filed" under the Court rule depends only on the filing party taking enumerated actions. Because plaintiff's transmission to the electronic-filing system was completed and the required filing fees were paid on September 6, 2022, within the statute of limitations, the trial court erred by granting summary disposition on plaintiff's claim against McAllister. Because the majority holds otherwise in Section II, I dissent.

/s/ Adrienne N. Young